Case 2:20-cr-00509-GW  Document 1  Filed 10/23/20  Page 1 of 8  Page ID #:1

FILED
CLERK, U.S. DISTRICT COURT
10/23/2020
CENTRAL DISTRICT OF CALIFORNIA
BY: ___DM___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2020 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>     v.<br><br>ANDREW MONROE DINKINS III,<br>   aka "Angel Ortiz Diamond,"<br><br>     Defendant. | CR 2:20-cr-00509-GW<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 641: Theft of Government Property in Excess of $1,000; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNTS ONE THROUGH FOUR

[18 U.S.C. § 1343]

A.   INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1.   The United States Social Security Administration's ("SSA") Supplemental Security Income ("SSI") program was a government-run benefits program intended to assure a minimum level of income to people who are aged, blind, or disabled, and who have limited income and resources. To be eligible for SSI benefits, an applicant must have possessed a validly issued Social Security Number. If not born in the United States, an applicant must have provided evidence of

lawful citizenship or lawful status in the United States to be eligible to receive SSI benefits.

2. Between the dates of August 1, 2013 and December 31, 2018, SSI benefits were disbursed by the United States Department of the Treasury in Kansas City, Missouri.

3. Defendant ANDREW MONROE DINKINS III, also known as "Angel Ortiz Diamond," resided in Los Angeles County, within the Central District of California.

4. Defendant DINKINS maintained a personal checking account with J.P. Morgan Chase N.A. ("Chase Bank") in the name of Angel Ortiz Diamond (the "Chase Account").

5. Between the dates of August 1, 2013 and December 31, 2018, Chase Bank processed electronically transmitted SSI benefits sent by the United States Department of the Treasury to Chase Bank located in Tampa, Florida.

6. Chase Bank has branches and Automatic Teller Machines ("ATM") throughout California.

B. THE SCHEME TO DEFRAUD

7. Beginning in or about July 1990, and continuing until in or about January 2019, in Los Angeles County, within the Central District of California, and elsewhere, defendant DINKINS, knowingly and with the intent to defraud, devised, participated in, and executed a scheme to defraud the SSA and the United States as to material matters, and to obtain money and property from the SSA and the United States by means of materially false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

8. The scheme to defraud operated, in substance, as follows:

2

  a. On or about May 16, 1955, defendant DINKINS applied for an original Social Security number.  In such application, defendant DINKINS stated that his name was Andrew Monroe Dinkins III.  The SSA issued him a Social Security Number ending in 8829.

  b. On or about May 4, 1964, defendant DINKINS applied for another original Social Security Number.  In such application, defendant DINKINS stated that his name was Angel Ortiz Diamond, whereas, in fact, as defendant DINKINS then knew, his name was not Angel Ortiz Diamond.

  c. As a result of defendant DINKINS's false statements in his application for a Social Security Number, the SSA issued him a Social Security Number ending in 9523 in the name of Angel Ortiz Diamond.  Thereafter, defendant DINKINS deliberately, and with the intent to deceive and cheat the SSA, continued to conceal his true identity from the SSA.

  d. In or about July 1990, defendant DINKINS applied for SSI benefits using the Social Security Number ending in 9523 in the name of Angel Ortiz Diamond.

  e. In or about December 2001, defendant DINKINS applied for Social Security Retirement Insurance Benefits using the Social Security number ending in 8829 in the name of Andrew Monroe Dinkins III.

  f. As a result of defendant DINKINS's continued false statements and concealment in connection with his application for SSI benefits, the SSA began making direct deposits of SSI benefits into the Chase Account in the name of Angel Ortiz Diamond that defendant DINKINS controlled.

g.  On or about July 5, 2002, May 7, 2003, June 10, 2004, January 14, 2005, March 12, 2010, March 1, 2011, February 21, 2012, April 25, 2013, February 10, 2015, December 28, 2015, January 17, 2017, and February 20, 2019, defendant DINKINS completed a Statement for Determining Continuing Eligibility for Supplemental Security Income Payments and submitted the completed statement to the SSA.  In the statement, and in furtherance of the scheme, defendant DINKINS deliberately, and with the intent to deceive and cheat the SSA, listed the Social Security Number ending in 9523 and falsely stated his name was Angel Ortiz Diamond.

h.  As a result of defendant DINKINS's false statements and concealment, the SSA deposited monthly SSI benefits into the Chase Account.

i.  Defendant DINKINS withdrew funds from the Chase Account from various ATMs in Los Angeles County, within the Central District of California, and used them for his personal benefit.

j.  As a result of the scheme, defendant DINKINS fraudulently obtained a total of approximately $243,038.71 of SSI benefits payments to which he knew he was not entitled.

C.  USE OF INTERSTATE WIRES

9.  On or about the following dates, within the Central District of California, and elsewhere, defendant DINKINS, for the purpose of executing the above-described scheme to defraud, caused the transmission of the following items by means of wire communications in interstate commerce from Florida to California, and elsewhere:

| COUNT | DATE | Item |
|-------|------|------|
| ONE | 7/3/2018 | ATM withdrawal from the Chase Account in the amount of $100 in Los Angeles, California |
| TWO | 11/22/2018 | ATM withdrawal from the Chase Account in the amount of $100 in Los Angeles, California |
| THREE | 12/23/2018 | ATM withdrawal from the Chase Account in the amount of $300 in Los Angeles, California |
| FOUR | 12/31/2018 | ATM withdrawal from the Chase Account in the amount of $800 in Los Angeles, California |

COUNTS FIVE THROUGH EIGHT

[18 U.S.C. § 641]

On or about the dates set forth below, in Los Angeles County, within the Central District of California, and elsewhere, defendant ANDREW MONROE DINKINS III, also known as "Angel Ortiz Diamond," knowingly and willfully stole, purloined, and converted to his own use money of the United States Social Security Administration (the "SSA"), a department and agency of the United States, having a value in the aggregate in excess of $1,000, namely, Supplemental Security Income paid to the alias "Angel Ortiz Diamond," in the following amounts, to which he knew that he was not entitled, with the intent to deprive the SSA of the use and benefit of that money:

| COUNT | DATE | AMOUNT |
| --- | --- | --- |
| FIVE | June 29, 2018 | $910.72 |
| SIX | October 1, 2018 | $910.72 |
| SEVEN | November 1, 2018 | $910.72 |
| EIGHT | December 31, 2018 | $931.72 |

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One through Eight of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

   (a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to any such offense; and

   (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has

///

been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                              A TRUE BILL

                                                                       /S/
                                                          Foreperson

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

*[signature]*

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

JOSHUA O. MAUSNER
Assistant United States Attorney
Acting Deputy Chief, General
Crimes Section

JASON C. PANG
Assistant United States Attorney
General Crimes Section